## MELVILLE H. REED vs. J. BURTON REED.

### Lincoln.    Opinion January 5, 1921.

*Jurisdiction of Law Court.    Certification by the justice or stenographer of the report*
*of the evidence in a case before the Law Court though required by the statute,*
*may be waived by the parties to the action.    The printing of the report*
*is a matter of convenience only, and the certification by the clerk*
*of courts, where the case is tried, is an attestation only that*
*the report is a true copy, and such act of attestation by*
*the clerk of courts is not a jurisdictional fact.    A*
*party or counsel receiving a printed uncerti-*
*fied copy of the report, and fails to*
*inform the court that correction*
*may be made, waives the*
*informality.*

This was an action of forcible entry and detainer.    The plea, not guilty, upon trial a verdict was rendered for the plaintiff.    Upon general motion and motion based upon newly discovered evidence, a new trial was granted under mandate of August 21, 1915.

At the October term, 1915, upon another trial a verdict was rendered for the plaintiff.    Exceptions were filed and allowed in this trial, which were sustained by mandate of December 4, 1916.

At the April term, 1917, upon a third trial, a verdict was rendered for the defendant.    A motion for a new trial was filed and granted by mandate filed June 27, 1918.    At the October term, 1918, upon a fourth trial, a verdict was rendered for the plaintiff.    Exceptions were filed and allowed.    By agreement the evidence taken at the April term, 1917, was to be used by the defendant before the Law Court.    December 20, 1918, a mandate came down, "Exceptions overruled."

Upon a hearing on costs the defendant took exceptions and an appeal.    The exceptions were sustained and the bill of costs ordered to be corrected in accordance with the opinion.

In the meantime on July 19, 1919, the defendant filed a motion for judgment on the verdict rendered at the April term, 1917.    The ground upon which the last motion was based was that the report of evidence of the trial of April, 1917, was not certified by any member of the court nor by any officer of the court authorized thereto; that the defendant, nor his counsel had any knowledge of such defect; that the court had no jurisdiction to set aside the verdict of the April term of 1917; that said verdict cannot now be disturbed.    With the exception of one element, this question was passed upon by the court in

*Reed* v. *Reed,* 118 Maine, 321. Every phase of the case was before the court at that time except the claim that neither the defendant nor his counsel had any knowledge of the defective certification of the report of the evidence of the trial at the April term, 1917.

*Held:*

1.   That as a matter of law the defendant was charged with such knowledge.

2.   That the report of the evidence certified by the justice or stenographer is the official and original evidence before the Law Court.

3.   That the report is printed for convenience only; it is not required by law.

4.   That the effect of certification by the clerk of courts in the county where the case is tried is that the case is accurately printed.

5.   That the clerk's act is not a jurisdictional fact.

6.   That it is a true copy is all that the attestation of the clerk imports.

7.   That if a party or counsel receive a printed copy of a report of the evidence he is charged with knowledge of whether it is certified or not.

8.   That if he receives a copy not certified he is in duty bound to inform the court that correction may be made.

9.   That if he fails to so notify he must be deemed to have waived the informality.

On exceptions by defendant. This is an action of forcible entry and detainer. Plea, not guilty. This cause was tried to a jury at nisi prius four times, and a verdict for plaintiff was returned at three of such trials, and a verdict for defendant returned at one of such trials, it being the third trial, the court at the first and fourth trials having directed a verdict. The question involved in the case and which was the sole issue at each of the four trials, was as to whether or not there was delivery of a certain deed from the father of these parties to the plaintiff's wife. After the exceptions taken at the fourth trial had been overruled, upon a hearing on costs the defendant took exceptions and an appeal which were sustained and bill of costs corrected. In the meantime defendant filed a motion for judgment on the verdict rendered at the third trial for defendant, at the April term, 1917. This motion was overruled and exceptions taken. The defendant in support of his exceptions contends that the acts of the Law Court since the rendering of the verdict at the April term, 1917, are void by reason of the fact that the report of the evidence was not certified or attested as required by the statute, thus raising the question of jurisdiction of the Law Court. Exceptions overruled.

The case is fully stated in the opinion.

*C. M. P. Larrabee, and D. J. McGillicuddy,* for plaintiff.

*A. S. Littlefield,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, MORRILL, JJ. WILSON, J. concurs in result.

SPEAR, J.   This was an action of forcible entry and detainer.   The plea, not guilty.   Upon trial a verdict was rendered for the plaintiff. Upon general motion and motion based upon newly discovered evidence, a new trial was granted under mandate of August 21, 1915.

At the October term, 1915, upon another trial a verdict was rendered for the plaintiff.   Exceptions were filed and allowed in this trial, which were sustained by mandate of December 4, 1916.

At the April term, 1917, upon a third trial, a verdict was rendered for the defendant.   A motion for a new trial was filed and granted by mandate filed June 27, 1918.   At the October term, 1918, upon a fourth trial a verdict was rendered for the plaintiff. Exceptions were filed and allowed.   By agreement the evidence taken at the April term, 1917, was to be used by the defendant before the Law Court.   December 20, 1918, a mandate came down, "Exceptions overruled."

Upon a hearing on costs the defendant took exceptions and an appeal.   The exceptions were sustained and the bill of costs ordered to be corrected in accordance with the opinion.

In the meantime on July 19, 1919, the defendant filed a motion for judgment on the verdict rendered at the April term, 1917.   The motion was overruled and exceptions taken.   The ground upon which the last motion was based was that the report of evidence of the trial of April, 1917, was not certified by any member of the court nor by any officer of the court authorized thereto; that the defendant, nor his counsel had any knowledge of such defect; that the court had no jurisdiction to set aside the verdict of the April term of 1917; that said verdict cannot now be disturbed.   With the exception of one element, this question was passed upon by the court in *Reed* v. *Reed,* 118 Maine, 321.   Every phase of the case was before the court at that time except the claim that neither the

defendant nor his counsel had any knowledge of the defective certification of the report of the evidence of the trial at the April term, 1917.

As a matter of law we think he was charged with such knowledge. The law requires that upon motion for a new trial a report of the evidence shall be signed by the presiding Justice or certified by the stenographer. Such a report is official and the original evidence before the Law Court. The report is printed for convenience only. It is not required by law. Therefore the only purpose and effect of a certification of the county clerk is that the report is accurately printed. His act is not a jurisdictional fact at all. If the parties to a case not certified by the clerk should agree that the original report of the evidence might be taken from the archives and used, it would undoubtedly be a legal course, although a bungling one and not to be encouraged in practice.

It is apparent that the regular course by which parties or their attorneys receive copies of printed reports is through the clerk of the Law Court, in whose custody such reports belong. If a party or attorney receive a report through this channel he is charged by law with knowledge that it should be attested by the county clerk as a true copy. That it is a true copy is all the attestation imports. Accordingly, if an attorney receives a printed copy of a report of the evidence in a case, he is charged with knowledge of whether such copy is attested or not. If he receives a copy that is not attested it is his duty to so inform the court that a correction may be made, and if he fails to so notify, he must be deemed to have waived the informality.

But in the case at bar the statement of the defendant, as the basis upon which he seeks to annul the action of the court since the verdict for the defendant, in April, 1917, conclusively shows that the report that came to his counsel was so irregular on its face as to at once give warning of its imperfection. The defendant's motion sets forth that the official stenographer, John A. Hayden, furnished to counsel for the plaintiff a copy of the oral evidence . . . . and that plaintiff's counsel caused it to be printed, and was by him taken to said Law Court without ever being reported, certified or authorized in any manner or form by the Justice presiding at said term or by any other justice of said court, and without ever being certified, attested or in any way authenticated by the clerk of said court, and that a copy of so much of said case as was printed was furnished

defendant's counsel through the mail. When this printed copy came into the hands of the defendant or his counsel the omission of attestation by the clerk of courts for Lincoln County was perfectly obvious on inspection. In fact, that the printed report was certified by Llewellyn Barton, Clerk of Courts of Cumberland County, presented an obvious error, as the case was tried in Lincoln County, and should have been certified by the Lincoln County clerk.

As before seen counsel on both sides were charged, in law, with knowledge of such error. Consequently if one or both counsel proceeded without calling the attention of the court to the mistake they must be deemed to have waived the irregularity.

That various documents were used before the Law Court without being printed as a part of the case, is a common practice, and when used as they were in the trial of April, 1917, without objection, such use must be predicated upon consent of counsel, and any irregularity in this respect will be deemed to have been cured by such implied consent.

It further appears, however, in the present case that the identical printed report of whose irregularity the defendant now complains, was used by him as the evidence upon which he sought to have the verdict against him, at the fourth trial, set aside. This phase of the case is fully discussed in *Reed* v. *Reed*, 118 Maine, 317, where this precise issue was involved, and the foregoing conclusions fully affirmed. The court there say:

"Had the learned counsel for the defendant called attention to the lack of proper certification at the time this case was argued in the Law Court in July, 1918, the clerical defect could and would have been remedied. He did not, however, nor did the court discover it. It was however merely a clerical defect. The court still had jurisdiction of the cause and of the parties. Counsel on both sides argued the cause fully and the court entertained and decided the case. *Reed* v. *Reed*, 117 Maine, 579. After an adverse decision we think it is too late under the circumstances as stated, for the defendant to ask to be relieved of the payment of a bill actually paid by the plaintiff in printing the testimony which formed the very basis of the defendant's argument in the Law Court."

We are of the same opinion now.

*Exceptions overruled.*